61 F.3d 899
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary CUNNINGHAM, Plaintiff--Appellant,
v.
FAIRFAX ICE ARENA, INCORPORATED, Defendant--Appellee.
 No. 94-2524.
 United States Court of Appeals, Fourth Circuit.
 Argued July 12, 1995.
Decided July 28, 1995.
 
 ARGUED: L. Ilaine Vignes Upton, Fairfax, VA, for Appellant. Suzanne Rae Beck, SICILIANO, ELLIS, DYER & BOCCAROSSE, Fairfax, VA, for Appellee. ON BRIEF: John A. Sutherland, Brian A. Geschickter, Fairfax, VA, for Appellee.
 Before RUSSELL and WIDENER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff Mary Cunningham appeals from the district court's dismissal of her diversity action against defendant Fairfax Ice Arena on the ground that the complaint was not timely filed. For the following reasons, we affirm the judgment of the district court.
 
 
 2
 Mrs. Cunningham was injured while ice skating at defendant's arena on January 31, 1990. On January 29, 1992, Mrs. Cunningham filed a motion for judgment in the Circuit Court of Fairfax County, which she nonsuited on September 25, 1992. On March 23, 1993, Mrs. Cunningham re-filed her motion for judgment in the Circuit Court of Fairfax County, which was again nonsuited, over defendant's objection, on January 28, 1994. The order granting the January 28, 1994 nonsuit stated that, "[p]laintiff's motion for non-suit is granted with leave to refile within 6 months on the condition that plaintiff pay $1,500 on or before the refiling of this suit to defense counsel...." On July 7, 1994, within six months after the January 1994 nonsuit, Mrs. Cunningham filed this, a third, complaint, this time in the federal district court. However, Mrs. Cunningham did not pay $1,500 to defense counsel on or before filing her third complaint.* On August 19, 1994, the defendant moved to dismiss, and the district court granted the motion on September 14, 1994, on the ground that the second nonsuit was not taken as a matter of right and thus that, "[t]he only tolling of the statute of limitations was the Court Order extending plaintiff leave to refile upon specific conditions of payment. These conditions not being met, this action is not timely filed and must be dismissed." Plaintiff's motion for reconsideration was denied, and plaintiff now appeals.
 
 
 3
 Plaintiff's argument is that, although the second nonsuit of her state-court action was conditioned on her paying attorneys' fees to defense counsel before refiling, and although she did not satisfy that condition, her refiling in the federal district court in July 1994 was within the terms of Va.Code Sec. 8.01-229(E)(3), which provides a six-month grace period for the refiling of any "voluntary nonsuit as prescribed in Sec. 8.01-380." Section 8.01-380, in turn, permits one and only one nonsuit "as a matter of right, although the court may allow additional nonsuits or counsel may stipulate to additional nonsuits." Va.Code Sec. 8.01-380(B). In addition, Section 8.01-380 provides that, "[t]he court, in the event additional nonsuits are allowed, may assess costs and reasonable attorney's fees against the nonsuiting party." Va.Code Sec. 8.01-380(B).
 
 
 4
 Thus, Mrs. Cunningham's January 1994 nonsuit, her second, even if a voluntary nonsuit, was not taken as a matter of right but with leave of court. As such, Section 8.01-380(B) specifically permits the court to assess attorney's fees against the nonsuiting party. Mrs. Cunningham argues on appeal, however, that the refiling of a complaint after a second or subsequent nonsuit is voluntary and thus is governed by the six-month-minimum limitations period of Section 8.01-229(E)(3) without regard to any conditions imposed on such refiling by the court granting the nonsuit.
 
 
 5
 After review of the record and oral argument, we agree with the district court's reasoning in this case and its conclusion that Mrs. Cunningham's third complaint was time-barred.
 
 
 6
 Thus, for the reasons stated by the district court, the judgment of the district court is
 
 
 7
 AFFIRMED. the $1,500 attorneys fee prior to filing the case in a federal court. As we note in the body of the opinion, the statute, Virginia Code Sec. 8.01-380(B) specifically provides for the assessment of "reasonable attorneys fees against the nonsuiting party" when it grants a second or subsequent nonsuit.
 
 
 
 *
 The plaintiff also, on or before the expiration of the six-month period mentioned in the state court order, did not pay or offer to pay the $1,500 required by the order of the Circuit Court of Fairfax County of January 28, 1994. On July 28, 1994, the plaintiff's attorney did write to the defendant's attorney stating that she was holding a check for $1,500 payable to the defendant's attorney, but instead of delivering the check, she proposed to put the check in escrow pending resolution of the issue of whether the Circuit Court of Fairfax County had authority to require payment of the $1,500 attorneys fee prior to filing the case in a federal court. As we note in the body of the opinion, the statute, Virginia Code Sec. 8.01-380(B) specifically provides for the assessment of "reasonable attorneys fees against the nonsuiting party" when it grants a second or subsequent nonsuit